IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **SARA LEIST, as next friend of J.H.** § § § *Plaintiff* § § **VS.** § § § § **JOAN M. PHILLIPS and FLOUR BLUFF INDEPENDENT SCHOOL DISTRICT** § § § § *Defendants* § § § § § | | **CIVIL ACTION NO.** <br><br><br><br> **JURY TRIAL DEMANDED** |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **SARA LEIST, as next friend of J.H.**, referred to herein as Plaintiff, complaining of Defendants **JOAN M. PHILLIPS**, in her individual capacity, and the **FLOUR BLUFF INDEPENDENT SCHOOL DISTRICT** ("The District") hereinafter called Defendants, and for cause of action, would respectfully show unto the Court and jury the following:

### I.  NATURE OF THE CASE

**THE CLAIM:**  J.H., a now-eighth grade student at Flour Bluff Junior High School was slapped in the face by Joan M. Phillips, a substitute teacher employed by FBISD, on 16 September 2022. This assault violated J.H.'s right to his liberty interest in bodily integrity under the Fourteenth Amendment. This act also constituted excessive discipline under the Texas Education Code; and as such, FBISD is liable for Mrs. Phillips' act against J.H. under the doctrine of *respondeat superior*.

## II.    PARTIES

1. Plaintiff **SARA LEIST** is a resident of the City of Corpus Christi, Texas.
2. Defendant **JOAN M. PHILLIPS** is a resident of the City of Corpus Christi, Texas, and at all times relevant and material herein was a professional employee employed as a substitute public-school teacher by FBISD.
3. Defendant **FLOUR BLUFF INDEPENDENT SCHOOL DISTRICT ("AISD")** is a state-chartered organization whose purpose is to govern the affairs of the public schools in the Flour Bluff region of the City of Corpus Christi, Nueces County, Texas. FBISD is responsible for the policies, practices, and customs of its schools, as well as the hiring, training, supervision, control, and discipline of its teachers, principals, and other personnel.
4. FBISD may be served by and through Ms. Shirley Thornton, President of the Flour Bluff Independent School District Board of Trustees, at the Flour Bluff Independent School District Administration Building, 2505 Waldron Rd., Corpus Christi, TX 78418, or wherever she may be found.

## III.    JURISDICTION

5. The subject matter in controversy and damages sought are within the jurisdictional limits of this Court.
6. This Court also has jurisdiction over this suit under 42 U.S.C. § 1983.
7. Venue is also appropriate in the Southern District of Texas pursuant to 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in the City of Corpus Christi, Texas, which is in the Corpus Christi Division of the Southern District of Texas.

## IV.    FACTS AND ALLEGATIONS

8. J.H. is a brilliant, energetic, athletic, fun-loving eighth grader at Flour Bluff Junior High. He has a twin brother, A.H.

2

9. Prior to the assault in question, Plaintiff Mrs. Leist, reported Defendant Joan M. Phillips to the administration of FBISD for an incident involving her son A.H. via telephone.

10. FBISD, not taking any action in relation to that report, continued allowing Defendant Mrs. Phillips to teach students at Flour Bluff Junior High School.

11. On 16 September 2022, J.H. was in his history class which was being taught or otherwise overseen by Defendant Phillips.

12. During the course of the class, Defendant Phillips mistook J.H. for his twin brother, A.H. Upon learning that she was interacting with a different child, Defendant Mrs. Phillips, on information and belief, told J.H., "Oh, he [A.H.] does not like me much because I kicked him out of my class."

13. Defendant Mrs. Phillips then proceeded to mock J.H. about his mother (Plaintiff), presumably because of her recent report on her conduct with her other son. Defendant Mrs. Phillips then asked J.H. about his brother A.H.'s medical conditions, referencing his diagnosis of ADHD and inquiring as to whether his brother was medicated for the condition.

14. On information and belief, J.H. and his fellow students were then required to split into small groups to complete an assignment. Defendant Mrs. Phillips began to assist J.H., but then proceeded to ask him whether he was dyslexic.

15. J.H., as young students are wont to do, began to daydream, on information and belief. That daydream was cut short, however, when Defendant Mrs. Phillips struck him in the face.

16. Plaintiff Leist was then informed of the incident by Principal Brodie Wallace.

17. On information and belief, the FBISD Police Department investigated the incident, with Officer Alaena Tate producing a report in Incident No. 22-000262. Officer Tate's report

indicated that she interviewed several students and that she met with J.H. in the office of Assistant Principal Amanda Aguilar.

18. On information and belief, the FBISD Police Department filed the case with the Justice of the Peace, Precinct 2, Place 2 of Nueces County.

19. At the time of this assault, Defendant Mrs. Phillips was an employee of the Flour Bluff Independent School District, a public school district which, on information and belief, receives some sum of money from the federal government for the operation of its schools and education of its students.

20. J.H. remains enrolled in the school district.

21. In addition to the pain felt by J.H., Defendant Mrs. Phillips' assault on J.H. cause great emotional distress on Plaintiff and her family.

## V.
## CAUSES OF ACTION

### COUNT ONE
### DEPRIVATION OF LIBERY INTEREST IN BODILY INTEGRITY
**Violation of the Fourteenth Amendment Pursuant to 42 U.S.C. § 1983 Against Defendant Andrade**

22. Plaintiff Leist repeats and re-alleges each and every allegation contained in the above paragraphs as though fully delineated below.

23. Corporal punishment in public schools "is a deprivation of substantive due process when it is arbitrary, capricious, or wholly unrelated to the legitimate state goal of maintaining an atmosphere conducive to learning."[5]

24. The Fifth Circuit recognizes a student's liberty interest in maintaining bodily integrity.[6]

---

[5] *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990) (citing *Woodard v. Los Fresnos Ind. School Dist.*, 732 F.2d 1243, 1246 (5th Cir. 1984)).
[6] *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 875 (5th Cir. 2000).

25. The Fifth Circuit has also opined that the due process clause is not implicated where the forum state "affords adequate post-punishment civil or criminal remedies for the student to vindicate legal transgressions."[7]

26. In his concurrence to the opinion in *Moore,* Judge Weiner analyzed the Supreme Court's ruling in *Ingraham* — a controlling case on the issue of due process and corporal punishment — posited that *Ingraham* "…did *not* proclaim that an adequate remedy provided by state law or procedure constitutes a *per se* bar to a student's ability to state a substantive due process claim based on excessive corporal punishment."[8] Judge Weiner went on to elaborate further: "This significance is heightened by the Supreme Court's subsequent writing to the effect that, unlike a procedural due process violation, a substantive due process violation is complete *when it occurs*, making irrelevant the availability of any post hoc state remedy."[9]

27. Accordingly, Plaintiff complains of a substantive due process deprivation suffered by J.H. when Defendant Andrade struck him during his nap.

28. The substantive due process deprivation was complete at the time of the slap, irrespective of the availability of grievance procedures or other post-punishment "remedies" to address this heinous conduct.

## COUNT TWO
## USE OF EXCESSIVE FORCE IN THE DISCIPLINE OF J.H. OR NEGLIGENCE RESULTING IN BODILY INJURY TO J.H. PER SEC. 22.0511 OF THE TEXAS EDUCATION CODE

29. Defendant Phillips was a professional employee at the time of her assault of J.H.

30. Under Texas law, a professional employee is "a superintendent, principal, teacher, including a ***substitute teacher***, supervisor, social worker, counselor, nurse, and teacher's aide employed by a school district."[10]

---

[7] *Ibid.*
[8] *Id.*, at 877.
[9] *Ibid* (emphasis added) (citing *Zinermon v. Burch*, 494 U.S. 113, 125, 108 L. Ed. 2d 100, 110 S.Ct. 975 (1990): "A plaintiff…may invoke § 1983 regardless of any state-tort remedy that might be available to him for the deprivation of these rights.")
[10] *Rosencrans v. Altschuler*, 161 S.W.3d 517, 521 (Tex. App.— Eastland 2004)(*citing* Tex. Educ. Code Ann §22.051)(emphasis added)).

31. "[Professional employees] are not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, *except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students*."[11]

32. Defendant Phillips' use of force is inherently excessive considering the context the force was used in did not necessitate force *at all*.

33. Defendant Phillips' use of force occurred within the course and scope of her employment with Defendant FBISD.

34. Making contact with J.H.'s face and causing him to feel a "sting" was completely indefensible under the circumstances, as evidenced by FBISD Police Department's referral of the case to the Justice of the Peace.

35. The use of force at all, especially force to J.H.'s face was wholly arbitrary and capricious, as substantiated by the school itself referring the case to law enforcement for investigation, evidencing that Defendant FBISD recognized that Defendant Phillips' use of force was unacceptable under the circumstances.

## COUNT THREE

### DEFENDANT FBISD IS LIABLE FOR THE ACTIONS OF DEFENDANT JOAN M. PHILLIPS UNDER THE DOCTRINE OF *RESPONDEAT SUPERIOR*

36. Under Texas law, "[a]n employer can be liable under a respondeat superior theory only if its employee's commission of an intentional tort was within the course and scope of [her] employment."[12]

37. Assault is an intentional tort, as recognized under Texas law, and the elements are the defendant acted intentionally, knowingly, or recklessly; the defendant made contact with the plaintiff's person; and the defendant.[13]

---

[11] Tex. Educ. Code Ann. §22.0511.
[12] *Rosencrans*, at 517, hn. 8.
[13] Tex. Pen. Code §22.01(a)(1); *see also Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex.App. – El Paso 2010, no pet.).

38. Plaintiff contends Defendant Phillips' slap to J.H.'s face constitutes assault under the Texas Penal Code. Plaintiff also contends that Officer Tate's investigation found evidence of injury to J.H.
39. As alleged, *supra*, Defendant Phillips was a professional employee who committed assault during the course and scope of her employment with Defendant FBISD.
40. Her authority to teach, supervise, and interact with J.H. emanated from the authority given to her by Defendant FBISD.
41. Consequently, Defendant FBISD is liable for Defendant Phillips' assault on J.H. by virtue of her employment with Defendant FBISD.

## VI.
## DAMAGES

42. Plaintiff Leist repeats and re-alleges each and every allegation contained in the above paragraphs as though fully delineated below.
43. Plaintiff seeks monetary relief and for judgment of all the other relief to which she deems herself entitled.
44. J.H.'s injury was foreseeable and directly and proximately caused by the excessive force used against him.
45. Plaintiff Leist is thus entitled to recover all actual damages allowed by law.
46. As a direct and proximate result of the occurrence underlying this lawsuit, J.H. suffered:
    a. Physical injuries, including impairment;
    b. Physical pain and suffering;
    c. Deprivations of his liberty;
    d. Emotional distress, torment, and mental anguish; and
    e. Reasonable and necessary medical care to treat his injury in the past and future.
47. Plaintiff seeks to recover reasonable attorney's fees and costs of court, and hereby requests the award of punitive damages, pursuant to 42 U.S.C. § 1983 and § 1988.

## VII.
## ATTORNEY'S FEES

48. If Plaintiff prevails in this action, by settlement or otherwise, Plaintiff is entitled to and hereby demands attorney's fees under 42 U.S.C. §1988.

## VIII.
## <u>JURY DEMAND</u>

49. Plaintiff respectfully requests a jury trial in this matter.

## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that judgment be rendered against all Defendants, for an amount in excess of the jurisdictional minimum of this Court. Plaintiff further prays for all other relief, both legal and equitable, to which she may show herself justly entitled.

Respectfully Submitted,

**WEBB CASON & MANNING, P.C.**
710 Mesquite Street
Corpus Christi, Texas 78401
Telephone:　(361) 887-1031
Facsimile:　(361) 887-0903

By: */s/ Matthew S. Manning*
　　MATTHEW S. MANNING
　　Southern District of Texas
　　Bar No. 3504172
　State Bar No.: 24075847
　　General Correspondence Email:
　　matt@wcctxlaw.com
　　PATRICK L. BEAM
　　Southern District of Texas Bar No. 7939
　　State Bar No.: 01955560
　　serviceplb@pbeamlaw.com
　　**\* E-Service Email: service@wcctxlaw.com**
　　**\* E-Service is only accepted at the above designated e-service e-mail address.**

　　ATTORNEYS FOR PLAINTIFF